**Oscar Carlos Ramos MORALES; Maria Victoria Cazares Padilla; Ileana Ramos Cazares, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71360.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2007.

Filed March 16, 2007.

Elsa I. Martinez, Martinez Goldsby & Associates, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT and TALLMAN, Circuit Judges, and WILKEN *, District Judge.

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

Oscar Carlos Ramos Morales (Oscar), his wife, Maria Victoria Cazares Padilla (Maria), and their daughter, Ileana Ramos Cazares (Ileana), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA's") decision denying relief upon their motion to reopen. They argue that the adverse credibility determination was not supported by legally sufficient reasons.

Because the BIA discussed the adverse credibility determination and deferred to the IJ's holding, we review both the BIA and IJ decisions. *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We find that none of the justifications given by either the BIA or the IJ is legally relevant to an adverse credibility determination.[1]

The BIA held that the fact that Maria testified that her husband had applied for asylum in Canada on different grounds than those on which he relied in the United States application was a sufficient basis for an adverse credibility determination. An inconsistency cannot provide the basis for an adverse credibility determination unless the petitioner is notified of its alleged existence and asked to explain it. *Guo v. Ashcroft*, 361 F.3d 1194, 1200 (9th Cir.2004). This means that, where a possible inconsistency is introduced by a later witness, the IJ must recall the petitioner to give him the opportunity to explain it. *See id.*

In this case, the only evidence relating to the basis for the Canadian application was Maria's testimony that the couple applied for asylum in Canada on different grounds from those used in their United

1. Because we decide the petition on the basis of the adverse credibility determination, we do not reach the question of whether Oscar's counsel was ineffective.

States asylum application. She testified that her husband had handled the asylum application and had not discussed it with her in any detail. Maria was the last witness and, as in *Guo*, Oscar was not recalled to explain the possible inconsistency. Thus, he was denied the opportunity to explain the Canadian application and "[t]he IJ's doubt about the veracity of [the] story ... cannot serve as a basis" for an adverse credibility determination. *Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir.2004).

The other justifications given by the IJ are similarly insufficient as a matter of law. Oscar was given no opportunity to explain his wife's statement that he had been in the United States prior to his entry in 1990 and, therefore, that statement cannot be used to support an adverse credibility determination. *Guo*, 361 F.3d at 1200. Nor can his delay in filing for asylum support an adverse credibility determination. *See id.* Finally, the fact that Oscar said, in his credible fear interview, that, although he was afraid to return to Mexico, he would rather do so than remain in detention in no way undermines his credibility. That he would choose to risk death in Mexico over remaining in detention indefinitely in the United States is evidence, not of his dishonesty, but of his concern over incarceration at a detention center.

In sum, we hold that none of the reasons given by the IJ or BIA to support the adverse credibility determination can lawfully be used to support such a determination. Thus, the adverse credibility determination was not supported by substantial evidence. We GRANT the petition and REMAND to the BIA for further proceedings consistent with this decision.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

We also GRANT Ileana Ramos Cazares' request to be removed as petitioner in this case, as she has become a long-term permanent resident through her marriage to a United States citizen.

GRANT and REMAND.